FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WILLIAM CLAUDE MEAD,

    Petitioner - Appellant,

v.

RANDY HARDING, Warden,

    Respondent - Appellee.

No. 24-7031
(D.C. No. 6:19-CV-00426-JFH-DES)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

William Claude Mead, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

habeas petition.  *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal an order

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denying a § 2254 petition).  Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss this matter.[1]

## I.  BACKGROUND

After a bench trial, Mr. Mead was convicted in state court of one count of lewd molestation and two counts of sodomy of a minor.  The trial court sentenced him to 20 years in prison on each count, to be served concurrently.  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions and sentence.  The trial court denied Mr. Mead's application for state post-conviction relief, and the OCCA affirmed.  Mr. Mead then filed a § 2254 petition in federal court, raising 10 claims.  The district court denied the petition.  Mr. Mead now seeks a COA to appeal the district court's rejection of his sufficiency-of-the-evidence claim (Ground One), three ineffective assistance of appellate counsel claims (Grounds Two, Five, and Seven),[2] and his cumulative error claim (Ground Ten).

## II.  DISCUSSION

### A.  *Legal Background*

#### 1.  COA Requirement and Standard of Review

Mr. Mead must obtain a COA for this court to review the district court's denial of his § 2254 application.  *See* 28 U.S.C. § 2253(c)(1)(A).  To do so, he must make "a

---

[1] Because Mr. Mead appears pro se, "we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

[2] In resolving Grounds Two through Eight in the habeas petition, the district court agreed with the State it was unclear whether Mr. Mead intended to raise ineffective assistance of trial counsel or of appellate counsel claims.  The district court considered

substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).  For claims denied on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), when a state court has adjudicated the merits of a claim, a federal district court cannot grant habeas relief on that claim unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  Under these circumstances, we thus must determine as part of our COA analysis whether reasonable jurists could debate the court's decision in light of AEDPA deference to the state court.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  But when the state court did not address the merits of a claim, AEDPA deference does not apply because "federal-court deference to the state court's decision is appropriate only on claims 'adjudicated on the merits' by the state court." *Black v. Workman*, 682 F.3d 880, 893 (10th Cir. 2012) (quoting 28 U.S.C. § 2254(d)).

---

both types.  It determined the trial counsel claims were procedurally barred, but reached the merits of the appellate counsel claims.  In his COA application, Mr. Mead challenges only the district court's resolution of his appellate counsel claims.

2. **Sufficiency of the Evidence**

The controlling Supreme Court authority regarding sufficiency of the evidence is *Jackson v. Virginia*, 443 U.S. 307 (1979). Under *Jackson*, the evidence is sufficient when a court determines, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. "Review of sufficiency of the evidence under AEDPA adds an additional degree of deference, and the question becomes whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard." *Simpson v. Carpenter*, 912 F.3d 542, 592 (10th Cir. 2018) (quotations omitted); *see also Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) ("*Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference."). We "may not . . . consider the credibility of witnesses" and "must accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996) (quotations omitted).

3. **Ineffective Assistance of Counsel**

We analyze ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must show (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *See id.* at 687.

"When . . . the basis for the ineffective assistance claim is the failure to raise an issue, [the court] must look to the merits of the omitted issue." *United States v. Orange*,

4

447 F.3d 792, 797 (10th Cir. 2006). "If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." *Id.*

Courts use two approaches to assess a claim that appellate counsel provided ineffective assistance for failure to raise on direct appeal that trial counsel provided ineffective assistance. First, a court may analyze whether appellate counsel's performance on direct appeal was deficient, and if so, whether that deficiency caused prejudice on direct appeal. Second, a court may analyze whether trial counsel's performance was deficient and if so, whether that deficiency caused prejudice at trial; and if trial counsel's performance was not deficient, or if any deficiency did not cause prejudice, then appellate counsel could not have been ineffective. *See Frederick v. Quick*, 943 F.3d 1090, 1107 n.4 (10th Cir. 2023); *Davis v. Sharp*, 943 F.3d 1290, 1299 (10th Cir. 2019). The district court here followed the second approach.

B. *Analysis*

1. **Sufficiency of the Evidence**

On direct appeal, the OCCA said that "[a] conviction for sexual assault crimes may be sustained upon the uncorroborated testimony of the prosecuting witness, unless such testimony appears incredible and so unsubstantial as to make it unworthy of belief." R. vol. 1 at 55. The OCCA found the victim's "testimony was lucid, clear and any minor inconsistencies were explored." *Id.* at 56. It said the victim "provided accurate sensory detail both during his forensic interview and at trial, lending credibility to his account." *Id.* Based on the evidence, the OCCA determined the trial court "rationally concluded that the victim's claims of molestation were credible." *Id.* "Viewing the trial evidence in

the light most favorable to the State," the OCCA found "the victim's testimony provided sufficient evidence to support Mead's convictions." *Id.*

In his brief to this court, Mr. Mead contends that the State presented insufficient evidence to convict him, and the OCCA made an unreasonable determination of the facts. Mr. Mead says the victim testified that he spent the night at Mr. Mead's home on Wednesday, November 11, 2015; Mr. Mead sexually abused him that night; and the next day, Thursday, November 12, he stayed at Mr. Mead's home until noon. Mr. Mead asserts that school records showed the victim was at school the morning of November 12. He contends the State failed to show "[the victim] had actually spent the night at [Mr. Mead's] home on Wednesday November 11, 2015, when he claimed the alleged abuse occurred." COA Appl. at 7. He further contends that "[i]f the State could **not** prove this it could not prove sufficient evidence to convict." *Id.*

The district court denied relief on this claim because Mr. Mead "ha[d] not shown the OCCA's rejection of his challenge to the sufficiency of the evidence was 'contrary to' or 'an unreasonable application of' clearly established federal law, or 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" R. vol. 1 at 502 (quoting § 2254(d)). The court observed that "[t]he date of the offense is not an 'essential element' of either [lewd molestation or sodomy]," and "[a]ny inconsistencies in [the victim's] attempts to recollect the exact dates of the crimes speak solely to witness credibility, which the Court may not consider when conducting its review." *Id.* (citing *Messer*, 74 F.3d at 1013). The court concluded relief was not warranted because "[a]ny minor inconsistencies in [the victim's] recollection of

the precise date do not render the trial court's resolution of the evidence outside 'the bounds of reason.'" *Id.* at 503 (quoting *Messer*, 74 F.3d at 1013).

Mr. Mead largely fails to address the district court's analysis.[3] He cites *Jackson* and asserts that no reasonable trier of fact would have found him guilty. He contends the evidence showed "that [the victim] was **not** at [Mr. Mead's] home on Thursday November 12, 2015, as he testified, which establishes that [the victim] did not spend the night at [Mr. Mead's] home on Wednesday November 11, 2015, when he claimed the abuse occurred." COA Appl. at 8. But then he ignores the district court's reasoning that (1) the date of the offense is not an element of either crime and (2) any minor inconsistencies in the victim's recollection of the precise date did not show the state trial court's resolution of the evidence was wrong. Mr. Mead fails to show that reasonable jurists would debate the district court's determination that the OCCA's resolution of this claim was not contrary to or an unreasonable application of federal law or an unreasonable determination of the facts. We thus deny a COA.

---

[3] At one point, Mr. Mead appears to argue that by failing to consider [the victim's] credibility, the district court "procedurally barred [his] claim and prevented it from being adjudicated on [its] merits." COA Appl. at 5-6. He cites no legal authority and ignores *Jackson*, in which the Supreme Court explained it is the "responsibility of the trier of fact fairly to resolve conflicts in testimony," 443 U.S. at 319, and also ignores our decision in *Messer*, where we explained "[t]he Court may not . . . consider the credibility of witnesses" and "must accept the jury's resolution of the evidence as long as it is within the bounds of reason," 74 F.3d at 1013 (quotations omitted).

2.  **Ineffective Assistance of Appellate Counsel (Grounds Two, Five, and Seven)**

Mr. Mead seeks a COA to appeal the district court's denial of three claims contending his appellate attorney was ineffective for failing to present trial counsel's ineffectiveness on direct appeal.

For Ground Two, the district court considered that claim de novo because the OCCA did not decide it on the merits.[4]  The court concluded that the claim lacked merit because Mr. Mead had not shown that trial counsel's performance was deficient.

For Grounds Five and Seven, because the OCCA decided these claims on the merits, the district court considered them under AEDPA deference.  In doing so, the district court "agree[d] with the OCCA that Mr. Mead's arguments lacked merit and could not support a finding of deficient performance or prejudice under *Strickland*." R. vol. 1 at 511.  It found that the OCCA's resolution of these claims was not contrary to or an unreasonable application of federal law.

Mr. Mead has not shown reasonable jurists would debate the district court's rejection of these three claims.

a.  *Ground Two - Trial counsel's failure to properly cross-examine the victim*

Mr. Mead asserts that the victim's school records were the most crucial evidence at trial.  He contends trial counsel's questioning of the victim about his school records was "**flimsy** at best."  COA Appl. at 11.  But as the district court noted, the victim acknowledged his uncertainty about the dates.  It said, "[the victim] initially testified on

---

[4] The state trial court and the OCCA denied this claim based on res judicata.

direct examination at trial that he did not recall the exact date of the sexual abuse and later testified on cross-examination that he did not recall whether he went to school on November 12, 2015." R. vol. 1 at 509. The court also said that "trial counsel thoroughly cross-examined [the victim] as to inconsistencies in his recollection of the date and his school attendance." *Id.* It therefore determined on de novo review that Mr. Mead had not shown that trial counsel's performance was deficient.

b. *Ground Five - Trial counsel's failure to consult or hire an expert witness*

For Ground Five, Mr. Mead argues trial counsel was ineffective for failing to consult with or hire an expert witness after learning that the victim had mental health issues and had accused two people of sexually abusing him. He contends this prevented him from presenting a complete defense because he did not have "the ability or opportunity to rebut the State's expert witness or the Atoka County Sheriff Department's assumptions that [the victim] was telling the truth." COA Appl. at 12.

The district court said counsel's decision of which witnesses to call is a trial strategy matter. It further explained, "While it is error not to call a witness when that witness would present the only defense available, other defense strategies were available to Mead and were reasonably pursued by Mead's trial counsel." R. vol. 1 at 512 (quotations omitted). The court said that "[c]ounsel called three witnesses on Mead's behalf, eliciting testimony that challenged aspects of the State's case" and "[c]ounsel also thoroughly cross-examined [the victim] at trial and questioned [the victim] as to the medication he was taking at the time of [the victim's] forensic interview, which included medication for ADHD and mood swings." *Id.*

The district court noted that even assuming the victim had schizophrenia, there was no indication it affected his recollection or truthfulness. The court further noted that the forensic interviewer testified she "saw no indicators of deception from the victim," he "maintained good eye contact," and he "provided very good sensory details about the sexual offenses." *Id.* at 513 (brackets and quotations omitted). The district court, applying AEDPA deference, therefore concluded "[Mr.] Mead ha[d] not shown that counsel was deficient in failing to retain a medical expert or that a medical expert would have changed the outcome of the trial." *Id.*

c. *Ground Seven - Trial counsel's failure to perform an adequate pretrial investigation*

For Ground Seven, Mr. Mead asserts his trial counsel failed to conduct an adequate pretrial investigation. He contends that counsel's inadequate review of the victim's school records (1) precluded effective cross-examine of the victim and (2) hampered investigation of the facts in the Department of Human Services' report about the victim's mental health issues, which may have prompted consultation with an expert witness.[5]

The district court said that trial counsel "explored the discrepancies in [the victim's] testimony at trial regarding the date of the offense, and there is no indication that additional evidence on this point would have altered the outcome of the case." *Id.* It

---

[5] Mr. Mead also argues his trial counsel was ineffective because counsel "[f]ailed to communicate with [him] before trial so he could assist in his defense," COA Appl. at 13. But he did not make this argument in his habeas petition, *see* R. vol. 1 at 26-28, so it is waived, *see Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015).

concluded Mr. Mead "ha[d] not shown that trial counsel failed to perform an adequate pretrial investigation or that further investigation would have altered the outcome of the trial." *Id.* The court also determined "Mead ha[d] not demonstrated that the OCCA's adjudication of his ineffective assistance of appellate counsel claims [in Grounds Five and Seven] 'resulted in a decision that was contrary to, or involved an unreasonable application of,' *Strickland*." R. vol. 1 at 514 (quoting § 2254(d)(1)).

\*    \*    \*    \*

The district court denied each of these claims because Mr. Mead failed to show deficient performance of appellate counsel under *Strickland* and also failed to show that the OCCA's adjudication of Grounds Five and Seven was contrary to or an unreasonable application of federal law. He has not shown that reasonable jurists would debate the district court's conclusions.

In addition to the foregoing, on each of these claims Mr. Mead asserts that he "has satisfied the prejudice prong of *Strickland* for appellate counsel's failure to raise a claim that would have given him relief," COA Appl. at 11; *id.* at 12 (same); *id.* at 14 (same, except references "both trial and Appellate counsel's failure"), and that the district court's "findings on this issue were unreasonable," *id.* at 11, 13, 14. But again, he does not address the district court's reasoning, nor does he explain how reasonable jurists would disagree with the district court's resolution of these claims. He is therefore not entitled to a COA on these claims.

11

C. *Ground Ten - Cumulative Error*

Mr. Mead argues that "even if these [ineffective assistance] claims were harmless individually," *id.* at 15, together they would be enough for habeas relief. The district court explained that "[a] cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." R. vol. 1 at 517 (quotations omitted). Because the cumulative error applies only upon showing at least two actual errors, and Mr. Mead has shown none, the court rejected his cumulative-error argument. So do we.

Reasonable jurists would not debate the district court's resolution of this claim.

## III. CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge